# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

KAMARCCUS J. WEBSTER,

    Petitioner,

v.                                      Case No. 3:20-cv-5727-MCR-MJF

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Kamarccus J. Webster has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 7). Respondent ("the State") moves to dismiss the petition as untimely. (Doc. 10). Webster opposes the motion. (Doc. 14). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Webster's petition should be dismissed because it is untimely.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background and Procedural History

In Escambia County Circuit Court Case No. 2014-CF-00909, Webster was convicted of one count of Battery (Count 1); one count of Aggravated Battery with Great Bodily Harm by Discharging a Firearm (Count 2); and two counts of Aggravated Assault by Threat with a Firearm (Counts 5 & 6). (Doc. 10-1, Ex. A at 68-77 (J. and Sentence)).[2] Webster was sentenced under Florida's "10-20-Life" statute, section 775.087(2)(a), Florida Statutes, to a total term of 65 years of imprisonment. (Ex. A at 55-56 (Tr. of Sentencing); *id* at 68-77 (J. and Sentence)). Specifically, Webster was sentenced to "time served" on Count 1; a mandatory-minimum sentence of 25 years of imprisonment on Count 2; and mandatory-minimum sentences of 20 years of imprisonment on Counts 5 and 6, all running consecutively. (*Id*.).

The Florida First District Court of Appeal ("First DCA") affirmed in part, and reversed and remanded in part, explaining:

> We affirm these convictions without further comment but reverse and remand for resentencing pursuant to the Florida Supreme Court's recent decision in *Williams v. State*, 186 So. 3d 989 (Fla. 2016). Below, the trial court imposed consecutive mandatory-minimum sentences for the

---

[2] Citations to the state court record are to the electronically filed exhibits attached to the State's motion to dismiss. (Doc. 10). The citation refers to the electronic attachment number followed by the lettered exhibit. If a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the page.

aggravated battery and aggravated assault offenses pursuant to this Court's case law interpreting the 10–20–Life statute. The court noted that such sentences were "required by law." Appellant's counsel acknowledged consecutive sentencing was required but nonetheless objected. Although the trial court was correct at the time, the supreme court subsequently held that consecutive sentences are permissible but not mandatory. *See Williams*, 186 So. 3d 989 ("If . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory. In other words, a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently.") (citations omitted). The State concedes that resentencing is proper in this case. As such, we affirm Appellant's convictions but remand for resentencing, at which time the trial court may determine whether to impose the mandatory-minimum portions of Appellant's sentences consecutively or concurrently.

*Webster v. State*, 190 So. 3d 262, 263 (Fla. 1st DCA 2016) (per curiam) (copy at Doc. 10-7, Ex. G).

On September 22, 2016, the state trial court held a resentencing hearing. (Doc. 10-9, Ex. I (Progress Docket Report)). The court imposed a mandatory-minimum sentence of 35 years of imprisonment on Count 2, and mandatory-minimum sentences of 20 years of imprisonment on Counts 5 and 6, to run concurrently. (Doc. 10-8, Ex. H (Am. J. and Sentence)). The court entered an Amended Order of Judgment and Sentence on September 27, 2016, *nunc pro tunc* to September 22, 2016. (*Id.*). Webster did not appeal. (Doc. 10-9, Ex. I (Progress Docket Report)).

On September 11, 2017, Webster filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 10-9, Ex. I at 12-55).

The state circuit court denied relief. (*Id*. at 56-158). The First DCA summarily affirmed. *Webster v. State*, 273 So. 3d 947 (Fla. 1st DCA 2019) (Table) (per curiam) (copy at Doc. 10-11, Ex. K). The mandate issued July 17, 2019. (*Id*.).

Webster filed his *pro se* federal habeas petition on August 5, 2020 (Doc. 1 at 39 (institutional date stamp)), which he later amended (Doc. 7). The State asserts that the petition is time barred. (Doc. 10).

## II. Discussion

**A.    Webster's Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Webster's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Webster does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Webster's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

The Amended Order of Judgment and Sentence was entered on September 27, 2016, *nunc pro tunc* to September 22, 2016. (Doc. 10-8, Ex. H). Webster did not appeal. His time for filing a notice of appeal in the First DCA expired on October 27, 2016. *See* Fla. R. App. P. 9.110(b); Fla. R. App. P. 9.140(b)(3) (providing that an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following

rendition of a written order imposing sentence."); Fla. R. App. P. 9.020(h) ("An order is rendered when a signed, written order is filed with the clerk of the lower tribunal."); *State v. Johns*, 576 So. 2d 1332, 1335 (Fla. 5th DCA 1991) (holding that order resentencing defendant was "rendered," for purposes of appeal, on January 5, 1990—the date the signed written order was entered—despite the *nunc pro tunc* designation to an earlier date when the court orally pronounced the new sentence at a hearing).

Webster's amended judgment, therefore, became "final" for purposes of § 2244(d)(1)(A), on October 27, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.").

Webster's federal habeas clock began to run one day later, on October 28, 2016, and ran for 318 days until he filed his Rule 3.850 motion on September 11, 2017. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (AEDPA's limitations period begins to run on day after triggering event).

Webster's Rule 3.850 motion was pending, and statutorily tolled the limitations period, from September 11, 2017 (the date it was filed) until July 17, 2019 (the date the mandate issued in Webster's postconviction appeal). *See Nyland*

*v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the federal habeas limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations clock started running again on July 18, 2019, and expired 47 days later on September 2, 2019. Webster did not file his federal habeas petition until eleven months later, on August 5, 2020.

**B.**   **Webster Is Not Entitled to Equitable Tolling**

Webster argues that his federal habeas petition should be considered timely, because his access to the law library and his legal property at Franklin Correctional Institution was severely limited during the COVID-19 pandemic. (Doc. 14).[3]

**1.**   ***Equitable Tolling Standard***

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding

---

[3] Webster presently is confined at Jackson Correctional Institution. (Doc. 14). He was confined at Franklin Correctional Institution at the time he filed his § 2254 petition. (Doc. 1).

that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").

Regarding the first prong of the equitable tolling standard, the Eleventh Circuit has held that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. The petitioner must allege more than conclusory allegations, *id.* at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

Regarding the diligence prong, the Supreme Court has clarified that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations and quotation marks omitted).

2.  ***Lack of Extraordinary Circumstances for Equitable Tolling***

Webster's bare assertions regarding restrictions on access to the law library and his legal property during the COVID-19 pandemic are unavailing. Notably, Webster does not allege the date the restrictions were imposed, nor does he allege that they were in effect *prior to September 2, 2019*—the date his deadline to file a federal habeas petition expired. "[V]ague allegations about the existence of

impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014); *see also, e.g., Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (holding that prisoner's bare assertion regarding lack of library access were conclusory and failed to establish entitlement to equitable tolling); *Daniels v. Florida*, 769 F. App'x 809, 811 (11th Cir. 2019) ("We've held that periods of time in which a prisoner is separated from his legal documents typically do not constitute extraordinary circumstances.") (citing *Dodd v. United States*, 365 F.3d 1273, 1283-84 (11th Cir. 2004)).

The court takes judicial notice that the State of Florida first established a COVID-19 response protocol and declared a public health emergency on March 1, 2020. *See* State of Florida, Office of the Governor, *Executive Order Number 20-51 (Establishes Coronavirus Response Protocol and Directs Public Health Emergency)* (Mar. 1, 2020), https://www.flgov.com/covid-19-executive-orders. The court also takes judicial notice that the first press release issued by the Florida Department of Corrections addressing the COVID-19 pandemic was on March 6, 2020. *See* Florida Department of Corrections, *FDC Public Announcement: COVID-19* (Mar. 6, 2020),

http://www.dc.state.fl.us/comm/press/main/03-06-Virus.html.[4] Webster fails to explain how a pandemic and attendant restrictions that did not exist until *after* his limitations period expired impeded his ability to timely file his § 2254 petition.

Putting aside Webster's conclusory assertions regarding pandemic restrictions, the more likely reason Webster's petition is untimely is that he misunderstood the event that triggered the running of the limitations period. In response to a question on the petition form concerning the timeliness of his petition, Webster explained that his petition was timely because it was filed within one year of the issuance of the mandate in his postconviction appeal—July 17, 2019. (Doc. 1 at 39); Doc. 7 at 21). Webster's ignorance of the law does not justify equitable tolling. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ( "[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.") (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating in the context of a § 2255 proceeding that lack of an education was no excuse for delayed efforts to vacate a state conviction)); *Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007)

---

[4] Under Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

("[P]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations.").

### 3. *Webster Fails to Establish that He Exercised Diligence*

Webster also fails to carry the burden of proving the diligence required for this court to grant equitable tolling. Webster alleges no facts suggesting that he ever attempted to file his § 2254 petition within the limitations period, much less that he *diligently* pursued relief. *See Dodd* at 1283-84 (holding that prisoner who claimed he was transferred to a different facility for over ten months without his legal property was not entitled to equitable tolling of the § 2255 limitations period; prisoner had nearly five months with no impediments to prepare his motion, and he presented no evidence that he undertook any action that would suggest reasonable diligence under the circumstances).

For the reasons discussed above, the undersigned concludes that Webster's federal habeas petition is untimely and should be dismissed.

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss (Doc. 10) be **GRANTED**.

2. The amended petition for writ of habeas corpus (Doc. 7), challenging the judgment of conviction and sentence in *State of Florida v. Kamarccus Jaleel Webster*, Escambia County Circuit Court Case No. 2014-CF-00909, be **DISMISSED WITH PREJUDICE** as time barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 29th day of March, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the**

**electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**